IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PIPER LAKAY ELLIS SNOWTON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:18-cv-2900-S-BN |
| | § | |
| UNITED STATES OF AMERICA, ET. AL., | § | |
| | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Piper Lakay Ellis Snowton brings this *pro se* action under the Federal Tort Claims Act ("FTCA"). Her action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Karen Gren Scholer.

The Court has granted Ms. Snowton leave to proceed *in forma pauperis* ("IFP"). And, because the face of her complaint reveals that the claims she asserts are likely time-barred, the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss the complaint without prejudice to Ms. Snowton's filing, within a reasonable amount of time, an amended complaint against the United States alone that includes a factually plausible claim of equitable tolling.

**Applicable Background**

Through an administrative tort claim made in May 2018, Ms. Snowton appears to bring negligence claims against the United States and other federal defendants related to medical care she received through the Department of Veterans Affairs (the

"VA") in 1985. *See* Dkt. No. 3 at 1-3. She appears to recognize that this suit may be time-barred by referencing equitable tolling on the first page of her complaint. *See id.* at 1. And, indeed, other letters made part of her complaint reflect that she was consulting attorneys regarding medical negligence claims (presumably the subject of this suit) more than 7 years ago. *See id.* at 7-8.

## Legal Standards and Analysis

A district court is required to screen a civil action filed IFP and may summarily dismiss that action if the Court, for example, concludes that the action "is frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(I).

If "'it is clear from the face of a complaint ... that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed' as frivolous." *Wilson v. U.S. Penitentiary Leavenworth*, 450 F. App'x 397, 399 (5th Cir. 2011) (per curiam) (quoting *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993)); *see also Meriwether v. ABC Training / Safety Council Tex. Gulf Coast Chapter*, No. 3:15-cv-862-N-BH, 2016 WL 8711726, at *2 (N.D. Tex. Oct. 24, 2016) ("Courts 'may raise the defense of limitations *sua sponte*,'" and, "'where it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed' under 28 U.S.C. § 1915(e)(2)(B)." (citations and brackets omitted)), *rec. accepted*, 2016 WL 871279 (N.D. Tex. Nov. 18, 2016).

Medical malpractice or negligence claims against the VA, a federal agency, or employees of that agency under the FTCA "may be brought against only the United

States, and not the agencies or employees of the United States." *Esquivel-Solis v. United States*, 472 F. App'x 338, 340 (5th Cir. 2012) (per curiam) (citing 28 U.S.C. §§ 2671, 2679; *Galvin v. OSHA*, 860 F.2d 181, 183 (5th Cir. 1988)). "[A]n FTCA claim brought against a federal agency or employee rather than the United States shall be dismissed for want of jurisdiction." *Id.* (citations omitted); *see also Galvin*, 860 F.2d at 183 ("[A]n FTCA claim against a federal agency or employees as opposed to the United States itself must be dismissed for want of jurisdiction."); *Nicosia v. Sec'y of Army*, 220 F.3d 585, 2000 WL 959898, at \*1 (5th Cir. June 13, 2000) (per curiam) (failure to "name the United States as a defendant ... is fatal to FTCA jurisdiction").

While Ms. Snowton has named the United States as a defendant, her FTCA claims against the other named defendants should be dismissed. But that does not mean that an FTCA action against the United States should proceed as currently presented, as it appears that such an action is likely barred under the applicable statute of limitations.

Under the FTCA's statute of limitations, "a tort claim against the United States 'shall be forever barred' unless it is presented to the 'appropriate Federal agency within two years after such claim accrues' and then brought to federal court 'within six months' after the agency acts on the claim," *United States v. Kwai Fun Wong*, 135 S. Ct. 1625, 1629 (2015) (quoting 28 U.S.C. § 2401(b)). Ms. Snowton alleges no facts to rebut that her claim accrued in 1985, yet she did not present that claim to the VA until more than 30 years later.

The statute of limitations, however, is "non-jurisdictional and subject to

equitable tolling." *Wong*, 135 S. Ct. at 1638. Even so, "a litigant is entitled to equitable tolling of a statute of limitations only if the litigant establishes two elements: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Menominee Indian Tribe of Wis. v. United States*, 136 S. Ct. 750, 755 (2016) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)); *see also Stamper v. Duval Cty. Sch. Bd.*, 863 F.3d 1336, 1342 (11th Cir. 2017) ("Equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond [his] control and unavoidable even with diligence." (citation omitted)).

Importantly, "the second prong of the equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond its control." *Menominee Indian Tribe*, 136 S. Ct. at 756 (emphasis in original); *see, e.g., Farmer v. D&O Contractors*, 640 F. App'x 302, 307 (5th Cir. 2016) (per curiam) (holding that because "the FBI did not actually prevent Farmer or any other Plaintiff from filing suit" but instead "advised Farmer that filing suit would have been against the FBI's interest" and "that the RICO claims could be filed after the investigation concluded," "[a]ny obstacle to suit was ... the product of Farmer's mistaken reliance on the FBI, and a party's mistaken belief is not an extraordinary circumstance" (citing *Menominee Indian Tribe*, 136 S. Ct. at 756-57)).

While, in her complaint, Ms. Snowton states the legal conclusion that she is entitled to equitable tolling, and offers in support of that legal conclusion, other conclusions of law, *see, e.g.,* Dkt. No. 3 at 1 (alleging fraudulent concealment), a

plaintiff must "allege specific facts" to support all prongs of "a plausible equitable tolling claim." *Taggart v. Norwest Mortg., Inc.*, Civ. A. No. 09-1281, 2010 WL 114946, at *3 (E.D. Pa. Jan. 11, 2010); *see Chandra v. Bowhead Sci. & Tech., LLC*, No. 3:16-cv-375-B, 2018 WL 1252097, at *4 (N.D. Tex. Mar. 12, 2018) ("[C]ourts 'still require *pro se* parties to fundamentally "abide by the rules that govern the federal courts."' So *pro se* 'litigants must properly plead sufficient facts that, when liberally construed, state a plausible claim to relief, ... and brief arguments on appeal.' Chandra's pleadings fall short of that goal by failing to allege any plausible facts entitling him to equitable tolling." (quoting *EEOC v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014))); *cf. Peterson v. United States*, No. 8:18-cv-217-T-17TGW, 2018 WL 1832417, at *2 (M.D. Fla. Feb. 16, 2018) ("The FTCA's limitation period, however, is subject to equitable tolling. The plaintiff does not even mention that it applies. In light of the length of time between the death and the filing of this lawsuit, a claim of equitable tolling would seemingly be implausible and thus frivolous." (citation omitted)), *rec. adopted*, 2018 WL 1832419 (M.D. Fla. Mar. 14, 2018).

But, given Ms. Snowton's *pro se* status, and out of an abundance of caution, while her complaint should be dismissed as untimely and therefore frivolous, the Court should grant her leave to file an amended complaint against the United States alone that includes a factually plausible claim for equitable tolling.

### Recommendation

The Court should dismiss the complaint without prejudice to Ms. Snowton's filing, within a reasonable amount of time, an amended complaint against the United

States alone that includes a factually plausible claim of equitable tolling.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 2, 2018

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE